| UNITED STATES DISTRICT COURT | DISTRICT OF NEW MEXICO LAS CRUCES DIVISION |
|---|---|

JERRY LEE, Individually and On Behalf §
of All Others Similarly Situated, §
§
§
*Plaintiff(s)*, §
§
§
v. § No. _____
§
SCHLUMBERGER TECHNOLOGY §
CORPORATION, §
§
§
*Defendant*. §
§

## PLAINTIFF JERRY LEE`S ORIGINAL COMPLAINT

Plaintiff Jerry Lee (referred to as "Lee") brings this action under 29 U.S.C. § 216(b) and New Mexico law individually and on behalf of all current and former employees of Defendant Schlumberger Technology Corporation (referred to as "Defendant" or "Schlumberger") who were paid on a salary-plus-daily-rate basis during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. §§ 50-4-19 to 50-4-30 ("NMMWA").

### I. Nature of Suit

1. Lee's claims arise under the FLSA and the NMMWA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Similarly, the NMMWA was enacted "establish minimum wage and overtime compensation standards for all workers at levels consistent with their health, efficiency and general well-being, and … to safeguard existing minimum wage and overtime compensation standards which are adequate to maintain the health, efficiency and general well-being of workers against the unfair competition of wage and hours standards which do not provide adequate standards of living." N.M. Stat. § 50-4-19.

5. Schlumberger violated the FLSA by employing Lee and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

6. Schlumberger willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

7. Schlumberger violated the NMMWA by requiring Lee and other similarly situated employees "to work more than forty hours in [a] week of seven days[ but refusing to

compensate them at] one and one-half times [their] regular hourly rate[s] of pay for all hours worked in excess of forty hours." N.M. Stat. § 50-4-22(E).

8.   Lee brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Schlumberger who were paid on a salary and/or a day-rate basis during the past seven years.

9.   Lee brings this representative action under N.M. Stat. § 50-4-26(D) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

10.   This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

11.   The court has supplemental jurisdiction over Lee`s NMMWA claim because it is so related to the FLSA claim that that they form part of the same case or controversy under U.S. Const. art. III. 28 U.S.C. § 1367(a) (supplemental jurisdiction).

12.   Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Lee's claim occurred in this district. 28 U.S.C. § 1391(b)(2).

## III. Parties

13.   Lee is an individual who resides in Houston, Texas and who was employed by Schlumberger during the last seven years.

14.   Schlumberger Technology Corporation is a Texas Corporation that may be served with process by serving its registered agent:

Capital Corporate Services, Inc.
206 E 9TH St., Suite 1300
Austin, Texas 78701-4411

Alternatively, if the registered agent of Schlumberger Technology Corporation cannot with reasonable diligence be found at the company's registered office, Schlumberger Technology Corporation may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

15. Whenever it is alleged that Schlumberger Technology Corporation committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Schlumberger Technology Corporation or was done in the normal course and scope of employment of the company`s officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

16. Defendant is an oilfield services company; it does business in the territorial jurisdiction of this court.

17. Defendant employed Lee from June 2017 to December 2020.

18. Defendant employed Lee as a directional driller.

19. As a directional driller, Lee was responsible for operating various tools and machinery and day-to-day wellsite work at drilling sites.

20. During Lee's employment with Defendant, he was engaged in commerce or in the productions of goods for commerce.

21. During Lee's employment with Defendant, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22. During Lee's employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

23. Defendant paid Lee on salary-plus-daily-rate basis.

24. During Lee's employment with Defendant, he regularly worked in excess of forty hours per week.

25. Defendant knew or should have known that Lee worked in excess of forty hours per week.

26. Defendant did not pay Lee for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1); *see also*, N.M. Stat. § 50-4-22(E).

27. Instead, Defendant paid Lee on a salary-plus-daily-rate basis.

28. Lee was not exempt from the maximum hour requirements of the FLSA.

29. As a directional driller, Lee's primary duties were nonexempt.

30. As a directional driller, Lee's primary duties did not include office or nonmanual work.

31. As a directional driller, Lee's primary duties were not directly related to the management or general business operations of Defendant or its customers.

32. As a directional driller, Lee's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

33. As a directional driller, Lee did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

34. As a directional driller, Lee was, instead, required to follow Defendant's policies, practices, and procedures.

35. As a directional driller, Lee did not have any independent authority to deviate from Defendant's policies, practices, and procedures.

36. Defendant knew or should have known that Lee was not exempt from the maximum hour requirements of the FLSA or the NMMWA.

37. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

38. During Lee's employment with Defendant, the company did not maintain accurate time and pay records for Lee as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

39. During Lee's employment with Defendant, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

40. Defendant continued the pay practice(s) complained of by Lee without investigation after being put on notice that the pay practice(s) violated the FLSA.

41. Defendant has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

42. Prior to this lawsuit, Defendant conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Lee.

43. Because Defendant willfully violated the FLSA, the company is liable to Lee for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

44. As a result of the FLSA violation(s) described above, Defendant is liable to Lee for back wages, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

45. As a result of the NMMWA violation(s) described above, Defendant is liable to Lee for back wages, interest, twice the back wages, attorney's fees and costs. N.M. Stat. §§ 50-4-26(C), 50-4-26(E).

46. All employees employed by Defendant during the last three years are similarly situated to Lee because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and N.M. Stat. § 50-4-22(E); and (4) are entitled to recover back wages, liquidated damages, attorney's fees and costs from Defendant under 29 U.S.C. § 216(b) N.M. Stat. §§ 50-4-26(C), 50-4-26(E).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

47. Lee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. During Lee's employment with Defendant, he was a nonexempt employee.

49. As a nonexempt employee, Defendant was legally obligated to pay Lee "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

50. Defendant did not pay Lee "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

51. Instead, Defendant paid Lee on a salary-plus-daily-rate basis.

52. If Defendant classified Lee as exempt from the maximum hour requirements of the FLSA, he was misclassified.

53. As a result of the FLSA violation(s) described above, Defendant is liable to Lee for back wages equal to the difference between what the company should have paid and what it actually paid.

### VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

54. Lee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55. Defendant willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

56. During Lee's employment with Defendant, the company did not maintain accurate time and pay records for Lee as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

57. Because Defendant willfully violated the FLSA, the company is liable Lee for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

58. Lee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. On information and belief, other employees of Defendant have been victimized by the FLSA violation(s) described above.

60. These employees are similarly situated to Lee because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

61. Defendant's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

62. Since Lee's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

63. For these reasons, Lee requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All employees employed by Defendant as directional drillers during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-daily-rate basis.

64. Defendant is liable to Lee and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

65. Lee has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Failure to Pay Overtime in Violation of N.M. Stat. § 50-4-22(E)

66. Lee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. During Lee`s employment with Defendant, he performed at least come work for the company in New Mexico.

68. During Lee`s employment with Defendant, he was a nonexempt employee.

69. As a nonexempt employee, Defendant was legally obligated to pay Lee at "one and one-half times [his] regular hourly rate of pay for all hours worked in excess of forty hours [per week]." N.M. Stat. § 50-4-22(E).

70. Defendant did not pay Lee at "one and one-half times [her] regular hourly rate of pay for all hours worked in excess of forty hours [per week]" as required by N.M. Stat. § 50-4-22(E).

71. Instead, Defendant paid Lee at the same rate of pay for all of the hours he worked.

72. If Defendant classified Lee as exempt from the maximum hour requirements of the NMMWA, he was misclassified.

73. As a result of the NMMWA violation(s) described above, Defendant is liable to Lee for back wages equal to the difference between what it should have paid and what it actually paid.

## IX. Count Five—
### Representative Action Allegations Under N.M. Stat. § 50-4-26(D)

74. Lee adopts by reference all of the facts set forth above. See, Fed. R. Civ. P. 10(c),

75. On information and belief, other employees of Defendant have been victimized by the NMMWA violation(s) described above.

76. These employees are similarly situated to Lee because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the NMMWA.

77. Defendant's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

78. Since Lee`s experiences are typical of the experiences of the putative class members, representative action treatment is appropriate. *See*, N.M. Stat. § 50-4-26(D).

79. For these reasons, Lee requests that the Court certify this case as a representative action under N.M. Stat. § 50-4-26(D) and authorize notice regarding its pendency to the following class:

> All employees employed by Defendant as directional drillers during the last three years who performed any work in New Mexico and who worked more than forty hours in any one or more workweeks and who were paid on a salary-plus-daily-rate basis.

80. Defendant is liable to Lee and the putative class members for back wages equal to the difference between what it should have paid and what it actually paid.

## X. Count Six—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

81. Lee adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

82. Lee is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b); N.M. Stat. § 50-4-26(C).

83. Lee is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b); N.M. Stat. § 50-4-26(C).

84. Lee has retained the professional services of the undersigned attorneys.

85. Lee has complied with the conditions precedent to recovering attorney's fees and costs.

86. Lee has incurred or may incur attorney's fees and costs in bringing this lawsuit.

87. The attorney's fees and costs incurred or that may be incurred by Lee were or are reasonable and necessary.

88. Defendant is liable to Lee and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA and NMMWA violations described above. 29 U.S.C. § 216(b); N.M. Stat. § 50-4-26(E).

## IX. Relief Sought

89. Lee demands the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. an incentive award for Lee for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c. an order allowing this action to proceed as a representative action under N.M. Stat. § 50-4-26(D);

   d. judgment against Defendant in Lee's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

   e. all other relief and sums that may be adjudged against Defendant in Lee's favor both individually and on behalf of the putative class members.

        Respectfully Submitted,

        MOORE & ASSOCIATES
        Lyric Centre
        440 Louisiana Street, Suite 1110
        Houston, Texas 77002-1063
        Telephone: (713) 222-6775
        Facsimile: (713) 222-6739

        By: _/s/ Melissa Moore_____
        Melissa Moore
        Tex. Bar No. 24013189
        melissa@mooreandassociates.net
        Curt Hesse
        Tex. Bar. No. 24065414
        curt@mooreandassociates.net

        **ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Aimara Flores
State Bar No. 24114893
aimara@mooreandassociates.net